# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| YOKISHA J. MCKOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:20CV151 |
| ) | |
| INTERNATIONAL BUSINESS ) | |
| MACHINE CORPORATION, et al., ) | |
| ) | |
| Defendant(s). ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on upon *pro se* Plaintiff Yokisha J. McKoy's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (Docket Entry 1.) For the following reasons, the Court will grant Plaintiff IFP status for the sole purpose of entering this Order and recommend that Plaintiff's Amended Complaint be dismissed.

**I. BACKGROUND**

Plaintiff filed this action against International Business Machine Corporation ("IBM"), Seterus Inc., Manpower Group, USA Truck, and Celadon Trucking (collectively "Defendants"). (*See generally*, Complaint, Docket Entry 2.) Plaintiff sought to proceed *in forma pauperis* (*see* Docket Entry 1), thus the Court reviewed the complaint to determine whether dismissal was appropriate because it was frivolous or malicious, or failed to state a claim upon which relief can be granted. (Docket Entry 3.) The Court informed Plaintiff that her complaint failed the pleading requirements of Federal Rule of Civil Procedure 8, and

1

that she could not proceed *pro se* under the False Claims Act. (*Id.*) The undersigned stayed the action to allow Plaintiff an opportunity to file an amended complaint. (*Id.*)

Plaintiff thereafter filed an amended complaint for the Court's review. (Docket Entry 5.) Plaintiff's eighty-five page Amended Complaint appears to include seventeen causes of action. (*See generally id.*) The undersigned considers each of these causes of action below to determine whether dismissal is appropriate because they are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty., S.C.,* 434 F.3d 725, 728 (4th Cir. 2006).

## II. DISCUSSION

### A. Search and Seizure Claim

Count One of Plaintiff's Amended Complaint raises a claim against Defendants for violations of the North Carolina Constitution and the Fourth Amendment of the United States Constitution. (Am. Compl. at 75 (citing N.C. Const. art. I, § 20; U.S. Const. Amend. IV).) "Both the federal and North Carolina constitutions protect an individual's right to be free from unreasonable government searches and seizures absent probable cause." *State v. Johnson*, 837 S.E.2d 169, 174 (N.C. Ct. App. 2019). This protection against unreasonable searches and seizures proscribes "only governmental action; it is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (internal quotations omitted).

The only allegation in Plaintiff's Amended Complaint relevant to this claim is that Defendant IBM "search[ed] and seized computers unlawfully and transmitted the data back

2

to government satellites and computers for a visual display of real time footage technology." (Am. Compl. at 49.)[1] Defendant IBM is a private corporation, as are the other named defendants in Plaintiff's lawsuit. (*Id.* at 1.) Plaintiff does not sufficiently allege the participation or knowledge of a government official in the searches and seizures she contends were conducted by Defendant IBM. Therefore, the protections afforded by the U.S. Constitution and the North Carolina Constitution against unreasonable searches and seizures are inapplicable, and the undersigned recommends dismissing this count for failure to state a claim upon which relief can be granted.

## B. RICO Claims

Under the same "Count One" heading, Plaintiff's Amended Complaint also raises a claim against Defendants for violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.* (Am. Compl. at 75 (citing 18 U.S.C. § 1962(b), (c)).) "Violations of RICO can be prosecuted criminally or brought as civil claims, including as private actions by any person injured in his business or property by reason of such violations." *Field v. GMAC LLC*, 660 F. Supp. 2d 679, 686 (E.D. Va. 2008) (citing 18 U.S.C. §§ 1962-1964)). A private RICO plaintiff must allege that the defendants engaged in: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). A plaintiff "must adequately plead at least two predicate acts" to establish a pattern of racketeering. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 233 (4th Cir. 2004) (quoting 18. U.S.C. § 1961(5)).

---

[1] All citations to litigation documents refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system (not the page numbers that Plaintiff assigned to her Amended Complaint, as the pages appear to be significantly out of order).

3

Construing Plaintiff's Amended Complaint liberally, the undersigned concludes that Plaintiff has failed to allege the requisite "pattern of racketeering" necessary to state a RICO claim. Plaintiff makes the conclusory statement that Defendant IBM "defrauded many mortgage borrowers with various patterns of racketeering activity," which Plaintiff alleges included bank fraud, mail fraud, and wire fraud. (Am. Compl. at 1-3.) Bank fraud, mail fraud, and wire fraud may constitute predicate acts for RICO violations if properly alleged. 18. U.S.C. § 1961(1). However, the information Plaintiff provides in support of these allegations is both confusing and unsupported by plausible facts.

Regarding bank fraud, Plaintiff describes a series of ATM transactions she initiated in Pennsylvania in 2017 through which Defendant IBM "intended to defraud her." (Am. Compl. at 48.) She asserts that she "knew from the receipts that the banking system had been configured for wrongdoings," and that Defendant IBM "used government satellites to transmit data to computers on the ground to commit bank fraud." (*Id.* at 48-49.) In the exhibits accompanying her Amended Complaint, Plaintiff alleges that Defendant IBM committed mail fraud in their loan servicing activities by sending loan modification contracts to customers by mail that failed to state what amount the borrowers needed to pay. (Docket Entry 5-1 at 3.) These bare facts are not enough to establish a plausible pattern of racketeering based on mail fraud and bank fraud. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct.")

Elsewhere Plaintiff alleges that XPO Logistics (a trucking company for which Plaintiff began working October 2016 but is not a party to this lawsuit) committed wire

4

fraud by telling other potential employers that she was a "no rehire." (*Id.* at 30-31.) Plaintiff also alleges that XPO Logistics and Defendant IBM committed wire fraud by conspiring together to harass her by sending text messages and deploying "malicious software in the Plaintiff's device where the message, emails and recorded calls were stored and interfered with the messages." (*Id.* at 31.) Plaintiff alleges that Defendant IBM committed further wire fraud by calling the store managers at a convenience store and directing them to harass her. (*Id.* at 49.) Plaintiff's outlandish allegations of wire fraud do not "allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting at *Ashcroft v. Iqbal*, 556 U.S. at 679).

Nor has Plaintiff alleged the requisite "enterprise." The Fourth Circuit has defined a RICO enterprise as

> a group of persons associated together for a common purpose of engaging in a course of conduct. It includes not only legal entities but also any union or group of individuals associated in fact. Nevertheless, an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.

*United States v. Pinson*, 860 F.3d 152, 161 (4th Cir. 2017) (internal quotations and citations omitted). While Plaintiff refers to Defendant IBM as an "enterprise" throughout her Amended Complaint (*see, e.g.*, Am. Compl. at 4 ("Defendant IBM Corporation conducted the racketeering activity through the use of interstate commerce and interstate wires for four years. As a result, the 'enterprise' knowingly caused the Plaintiff physical, financial, and emotional injuries.")), she does not sufficiently describe its features. Therefore, the undersigned recommends dismissing Plaintiff's RICO claims. *See Diz v. Martin,* No. 1:17-

5

CV-00319-MR-DLH, 2017 WL 6731716, at *2 (W.D.N.C. Dec. 29, 2017) (dismissing RICO claims as frivolous where *pro se* plaintiff failed to establish a RICO enterprise or pattern of racketeering).

C. <u>Title 18 Criminal Claims</u>

Counts Two, Three, Four,[2] Five, and Six of Plaintiff's Amended Complaint allege violations of various federal criminal statutes. (Am. Compl. at 75-78 (citing 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud), 1344 (bank fraud), 1346 (honest services fraud), 1513 (retaliating against a witness, victim, or informant), 1959 (violent crimes in aid of racketeering activity)).) None of these criminal statutes provide a private right of action in a civil matter. *See Derringer v. Snyder,* No. CV 03-0291 MV/KBM, 2004 WL 7338130, at *5 (D.N.M. Mar. 29, 2004) (finding no private right to action pursuant to 18 U.S.C. § 1959); *Shahin v. Darling,* 606 F. Supp. 2d 525, 539 (D. Del.), aff'd, 350 F. App'x 605 (3d Cir. 2009) ("A private right of action is not recognized under [18 U.S.C. § 1513]."); *Hayes v. Shelby Cty. Tr.,* 971 F. Supp. 2d 717, 735 (W.D. Tenn. 2013) (dismissing plaintiff's civil claims for violations of 18 U.S.C. §§ 1344 and 1346 because these provisions provide no private right of action); *Ackers v. Yahoo Inc.,* No. 16-CV-05811 NC, 2016 WL 6836953, at *2 (N.D. Cal. Oct. 28, 2016), *report and recommendation adopted*, No. 16-CV-05811-BLF, 2016 WL 6822083 (N.D. Cal. Nov. 18, 2016) ("[T]he Court notes there is no private right of action for violations of § 1343."); *Zurich Am. Ins. Co. v. Casey's Auto Serv., Inc.,* No. 1:19CV957, 2020 WL 5633355, at *2 (M.D.N.C. Sept. 21, 2020) ("However, § 1341 has been widely held to not

---

[2] Plaintiff's Amended Complaint includes two counts labeled as "Count Four," one alleging violations of 18 U.S.C. § 1346 and the other alleging violations of 18 U.S.C. § 1343. (*See* Am. Compl. at 76-77.)

contain a private right of action."); *see also Tribble v. Reedy,* 888 F.2d 1387 (4th Cir. 1989) (citations omitted) ("Unless there is a clear Congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute."). Therefore, the undersigned recommends dismissing these claims because they fail as a matter of law.

### D. Computer Fraud Claim

Count Seven[3] of Plaintiff's Amended Complaint alleges violations of 18 U.S.C. § 1030 (fraud and related activity in connection with computers). (Am. Compl. at 78.) This provision does provide a civil right of action. *See* 18. U.S.C. § 1030(g) ("Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief.") However, a civil action for violation of this provision may only be brought if the unlawful conduct involves certain factors. *Id.* (referring to § 1030(c)(4)(A)(i)(I)-(V)). Plaintiff has not addressed these factors in her Amended Complaint. Therefore, the undersigned recommends dismissing Plaintiff's Count Seven. *See Ackers,* 2016 WL 6836953, at *2.

### E. CSA Claims

Counts Seven and Eight of Plaintiff's Amended Complaint allege violations of the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq.* (Am. Compl. at 78-79 (citing 21 U.S.C. §§ 841, 858.) Section 858 of the CSA provides penalties of fines or imprisonment to anyone who "creates a substantial risk of harm to human life" by manufacturing or

---

[3] Count Seven of Plaintiff's Amended Complaint also raises a claim pursuant to 21 U.S.C. § 858, which the undersigned addresses below in Part E.

transporting a controlled substance. 21 U.S.C. § 858. Section 841 states that "it shall be unlawful for any person knowingly or intentionally 1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or 2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance." 21 U.S.C. § 841(a). Plaintiff's claim fails because "the CSA does not create a private right of action." *Smith v. Hickenlooper*, 164 F. Supp. 3d 1286, 1290 (D. Colo. 2016), *aff'd sub nom. Safe Streets All. v. Hickenlooper*, 859 F.3d 865 (10th Cir. 2017); *see also McKesson Corp. v. Hembree,* No. 17-CV-323-TCK-FHM, 2018 WL 340042, at *5 (N.D. Okla. Jan. 9, 2018) ("The CSA does not provide a private right of action. Instead, it delegates the power of enforcement of federal drug policy to the federal government."). Therefore, the undersigned recommends dismissing Plaintiff's CSA claims because they fail as a matter of law.

**F. TCPA Claim**

Count Eleven of Plaintiff's Amended Complaint alleges violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (*See* Am. Compl. at 81 (citing 47 U.S.C. § 227(b)(1)(A)(iii).) The specific subsection of the TCPA that Plaintiff cites prohibits making any call "using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States." (*Id.*) The TCPA defines an automatic telephone dialing system as "equipment which has the capacity to store or produce

telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

While Plaintiff makes many allegations regarding Defendant IBM's interference with her cellular devices and the information stored on them (*see, e.g.,* Am. Compl. at 54-55) and states in the exhibit attached to her Amended Complaint that Defendant IBM "defrauded millions of homeowners [by] failing to implement [the TCPA]" (Docket Entry 5-1 at 2), nowhere does she allege that Defendants used an automatic telephone dialing system or messages involving artificial or prerecorded voices to contact *her*. To establish standing, Plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Plaintiff has not made any allegations indicating that she personally suffered a concrete injury on account of Defendants' violations of the TCPA. Plaintiff does not have standing to raise this claim. Therefore, the undersigned recommends dismissing Count Eleven of Plaintiff's Amended Complaint.

### G. FCA Claims

Counts Ten, Twelve, Thirteen, Fourteen and Fifteen of Plaintiff's Amended Complaint are all premised on Defendants' alleged violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.* (*See* Am. Compl. at 80-83 (citing 31 U.S.C. §§ 3730, 3729(a)(1)(A), (B), (C), and (G).) The undersigned concludes that these claims fail for the same reasons that Plaintiff's original complaint failed: as a *pro se* litigant, Plaintiff is not permitted to bring claims under the FCA. (Docket Entry 3 at 3.) *See Wojcicki v.*

*SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020) ("[*Pro se* relator] cannot bring a pro se FCA qui tam action."); *U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007) ("Although a *qui tam* relator is entitled by statute to a share of the recovery if [her] action is successful, . . . the United States is the real party in interest, and the need for adequate legal representation on behalf of the United States counsels against permitting *pro se* suits."). The undersigned therefore recommends that all of Plaintiff's FCA claims be dismissed.

### H. Intentional and Negligent Infliction of Emotional Distress

Count Nine of Plaintiff's Amended Complaint raises a claim against Defendants for "intentional and negligent infliction of emotional distress," which are both state law claims. (Am. Compl. at 79.) "After dismissing all claims over which it has original jurisdiction, federal courts have wide discretion to decide whether to retain supplemental jurisdiction over any remaining state law claims." *Stokes v. Watson Wrecker Serv.*, No. 110CV284, 2010 WL 3785540, at *4 (M.D.N.C. Sept. 21, 2010) (citing 28 U.S.C. § 1367(c)(3)). "In fact, the Supreme Court has recognized that where federal claims are dismissed early in an action, the court 'ha[s] a powerful reason to choose not to continue to exercise jurisdiction' over the remaining state law claims." *Id.* (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Accordingly, "[b]ecause the undersigned has recommended dismissal of all of Plaintiffs' federal-law claims and only state-law claims remain, the undersigned will additionally recommend that the Court decline to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims." *McHam v. Wells Fargo Bank*, No. 1:14CV997, 2014 WL 7186924, at *4 (M.D.N.C. Dec. 17, 2014).

## III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** that in forma pauperis status is granted for the sole purpose of entry of this Order.

**IT IS RECOMMENDED** that Plaintiff's Amended Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

<br>

                        Joe L. Webster
                  United States Magistrate Judge

January 22, 2021
Durham, North Carolina